IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                    Civil Action No. _____

FLORIDA COMMERICIAL SECURITY
SERVICES, CORP. d/b/a FLORIDA
CONSTRUCTION SECURITY
SERVICES,

        Defendant.
_____/

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA")*,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Florida Commercial Security Services, Corp. d/b/a Florida Construction Security Services ("FCSS") discriminated against Charging Party Alberto Tarud-saieh ("Mr. Tarud-saieh") when it removed him from his assignment because he did not wear his prosthetic arm to work in violation of Section 102(a), 42 U.S.C. § 12112(a).  EEOC further alleges that FCSS retaliated against Mr. Tarud-saieh for filing his EEOC Charge of Discrimination by

refusing to assign him to any further posts in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3. The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. FCSS is a Florida-based asset protection security firm doing business in Miami, Florida.

5. At all relevant times, FCSS has continuously done business in Florida, and has continuously had at least fifteen employees.

6. At all relevant times, FCSS has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C.

701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

7.  At all relevant times, FCSS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

8.  More than thirty days prior to the institution of this lawsuit, Mr. Tarud-saieh filed a charge of discrimination with the Commission alleging violations of ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

9.  Mr. Tarud-saieh has a physical disability—limb loss (arm).

10. Mr. Tarud-saieh's disability substantially limits one or more major life activities, including but not limited to the operation of his musculoskeletal function.

11. In approximately July 2010, Mr. Tarud-saieh applied for a position as a Security Officer with FCSS. At the time of his in-person interview, he wore a prosthetic arm, which was clearly visible.

12. Mr. Tarud-saieh had the requisite skill and experience to perform the position of Security Officer, and could perform the essential functions of the position without a reasonable accommodation.

13. On July 27, 2010, FCSS hired Mr. Tarud-saieh from a list of approximately twenty applicants. Mr. Tarud-saieh was hired for a driving post, and was responsible for driving around a community association in a security vehicle.

14. On his first day of work, August 2, 2010, Mr. Tarud-saieh did not wear his prosthetic arm. Mr. Tarud-saieh does not need his prosthetic arm to perform his job, and FCSS never instructed him to wear it.

15. On August 3, 2010, the President of the community association called FCSS's Agency Manager, German Bosque, and stated that numerous residents were complaining that FCSS "was a joke for sending them a one arm security officer."

16. Immediately thereafter, Mr. Bosque removed Mr. Tarud-saieh from his assignment. Mr. Bosque told Mr. Tarud-saieh that "the President of the community association did not like you because you don't have two arms."

17. Mr. Bosque was angry when he learned that Mr. Tarud-saieh did not wear his prosthetic arm.

18. Mr. Bosque told Mr. Tarud-saieh, "Please tell me that you did not go to work, on your very first day, without your arm" and Mr. Tarud-saieh responded, "I didn't know I had to wear my prosthetic arm to work."

19. Mr. Bosque further told Mr. Tarud-saieh, "Anyways, I'm sorry, but you dropped the ball with this customer and I don't have any other job openings at this time. We'll call you for another chance, another day. Regretfully, we do not have any other openings at this time."

20. Mr. Bosque removed Mr. Tarud-saieh from his position because of his disability.

21. Mr. Tarud-saieh filed a charge of discrimination with the Equal Employment Opportunity Commission on or about September 17, 2010.

22. On or about July 30, 2012, after having been aware that Mr. Tarud-saieh filed the charge of discrimination, Mr. Bosque advised EEOC that "there were other positions at other sites available" but that he did not place Charging Party into another position because he "was an idiot and dumb."

23. FCSS never analyzed or considered whether Mr. Tarud-saieh could perform any

other positions at FCSS. Rather, FCSS refused to place Mr. Tarud-saieh into another security position based on assumptions and stereotypes regarding his disability and/or in retaliation for his filing of a charge of discrimination with EEOC.

24. As a result, Mr. Tarud-saieh has been damaged.

## STATEMENT OF CLAIMS

25. Paragraphs 1 through 24 are incorporated herein.

26. FCSS discriminated against Mr. Tarud-saieh because of his disability (limb loss/arm) when it removed him from his assignment because he did not wear his prosthetic arm to work in violation of Section 102(a), 42 U.S.C. § 12112(a).

27. FCSS discriminated against Mr. Tarud-saieh by refusing to assign him to any further posts based on assumptions and stereotypes regarding his disability in violation of Section 102(a), 42 U.S.C. § 12112(a).

28. FCSS retaliated against Mr. Tarud-saieh for filing his EEOC Charge of Discrimination by refusing to assign him to any further posts and terminating his employment in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

29. The effect of the practices complained of in paragraphs 9 to 24 above has been to deprive Mr. Tarud-saieh of equal employment opportunities and otherwise to adversely affect his status as an employee because of his disability.

30. The unlawful employment practices complained of in paragraphs 9 to 24 were intentionally done with malice and/or reckless indifference to the federally protected rights of Mr. Tarud-saied.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

31. Grant a permanent injunction enjoining FCSS, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate against qualified individuals on the basis of his or her disability in regard to the terms and conditions of employment;

32. Order FCSS to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

33. Order FCSS to make whole Mr. Tarud-saieh by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Party or front pay in lieu thereof;

34. Order FCSS to make whole Mr. Tarud-saieh by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 9 to 24 above, in amounts to be determined at trial;

35. Order FCSS to make whole Mr. Tarud-saieh by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 9 to 24 above, in amounts to be determined at trial;

36. Order FCSS to pay Mr. Tarud-saieh punitive damages for its malicious and reckless conduct, as described in paragraphs 9 to 24 above, in amounts to be determined at trial;

37. Grant such other further relief as the Court deems necessary and proper in the public interest; and

38. Award the Commission its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: February 7, 2013.

                                              Respectfully submitted,

P. DAVID LOPEZ
 General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney
KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney

s/Kristen Foslid_____
KRISTEN FOSLID
Senior Trial Attorney
Florida Bar No. 0688681
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1803
Fax: 305-808-1835
kristen.foslid@eeoc.gov