UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-20465-CIV-O'SULLIVAN

[CONSENT]

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

FLORIDA COMMERCIAL SECURITY
SERVICES, CORP.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the EEOC's Motion to Strike Improper Lay Opinion and Preclude Consideration for Purposes of Summary Judgment (DE# 41, 4/28/14). Rule 7.1(c) of the Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default.**

S.D. Fla. L.R. 7.1(c) (emphasis added). The defendant did not file a response to the instant motion and a response was due. Accordingly, it is

ORDERED AND ADJUDGED that the EEOC's Motion to Strike Improper Lay Opinion and Preclude Consideration for Purposes of Summary Judgment (DE# 41, 4/28/14) is **GRANTED by default**.

The grounds for the instant motion are that: (1) the statements at issue are not based on personal knowledge "because neither [affiant] ha[s] any personal knowledge

as to Mr. Tarud-saieh's ability to perform as a security guard;" (2) "neither [affiant] assessed Mr. Tarud-saieh individually; rather, their opinion testimony is based solely on their own belief that it would be difficult, or impossible, for *any person* to perform the job of a security officer without two hands;" (3) FCSS improperly attempts to introduce expert testimony through Mr. Bosque's affidavit; and (4) Mr. Bosque "has not established a foundation for his opinions about the abilities of persons with one arm." EEOC's Motion to Strike Improper Lay Opinion and Preclude Consideration for Purposes of Summary Judgment (DE# 41 at 5-8, 4/28/14) (emphasis in original). The Court will not consider the disputed statements to the extent they seek to establish what Mr. Tarud-saieh can and cannot do and to the extent they improperly seek to introduce expert testimony. However, to the extent that disputed statements concern the tasks of an unarmed security guard, the Court will consider the statements.

The portions of paragraphs 2, 5, 6, and 11[1] of the Defendant's Statement of Facts for Which There Exists a Genuine Issue to Be Tried (DE# 31, 2/18/14), paragraph 9 of the Affidavit of German Bosque (DE# 33-2, 2/19/14) and paragraph 6 of

---

[1] A portion of paragraph 11 that the EEOC seeks to strike states: "[H]e [Bosque] fired him [Mr. Tarud-saieh] because he could not do the job with a prosthetic arm that was purely cosmetic." EEOC's Motion to Strike Improper Lay Opinion and Preclude Consideration for Purposes of Summary Judgment (DE# 41 at 3 n.1, 4/28/14). The "EEOC seeks to exclude this statement and the underlying testimony to the extent that it is offered for the truth of the matter asserted – i.e., that Mr. Tarud-saieh could not perform the job of an unarmed security guard with a prosthetic arm that was purely cosmetic." Id. Therefore, this portion of paragraph 11 will be stricken only for that purpose. To the extent, FCSS relies on this statement as its proffered reason for removing Mr. Tarud-saieh from his job post, this statement is not stricken. See Woodruff v. Sch. Bd. of Seminole Cnty, Fla., 304 F. App'x 798 (11th Cir. 2008) (stating that in articulating a legitimate, non-discriminatory reason for the challenged action, "the employer only has the burden of production and need not persuade the court that the proffered reasons actually motivated it").

the Affidavit of Karen S. Smith-Aloisio (DE# 33-3, 2/19/14) identified in the instant motion are hereby **STRICKEN** in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of September, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record